UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENE LOPEZ-GALVAN,<br><br>               Plaintiff,<br><br>    v.<br><br>R. RUBIO, et al.,<br><br>               Defendants.<br>_____/ | CASE NO.   1:12-cv-00358-LJO-MJS (PC)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF No. 1)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |

### **SCREENING ORDER**

**I.    PROCEDURAL HISTORY**

Plaintiff Rene Lopez-Galvan, a federal prisoner proceeding pro se and in forma pauperis, filed this civil action on March 9, 2012, pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for the violation of civil rights by federal actors.  (ECF No. 1.)  Plaintiff's Complaint is now before the Court for screening.

///

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## III. SUMMARY OF COMPLAINT

The Complaint identifies the following individuals as Defendants: (1) R. Rubio, Correctional Officer (CO), United States Penitentiary, Atwater (Atwater); (2) D. Chavez, CO, Atwater; (3) Daniels, CO, Atwater; (4) Lyons, CO, Atwater; (5) G. Cobb, CO, Atwater; (6) Dennis Wong, Deputy Regional Counsel, Federal Bureau of Prisons (FBP); (7) Harlan W. Penn, Regional Counsel, FBP; and (8) John Does 1-5, COs, Atwater.

Plaintiff alleges the following:

On June 20, 2008, Atwater was placed on lockdown following the death of an officer. A facility-wide search was conducted on July 7, 2008 and items belonging to Plaintiff were seized. Defendant Rubio signed the confiscation slips. On July 8, 2008, Defendant Cobb issued a memorandum acknowledging the seizure of inmate property and outlining the process for inmates to reclaim personal property. The lockdown ended on September 8, 2008. Two days later Defendants Daniels and Lyons told prisoners that each inmate would

be called, one by one, to claim confiscated property. (Compl. at 6.)

On September 15, 2008, a second lockdown was imposed because of serious inmate violence. Another search was conducted on October 2, 2008, and additional items of Plaintiff's property were seized. Defendant Chavez signed the confiscation slip. (Id.)

Plaintiff was transferred from Atwater to United States Penitentiary, Coleman (Coleman) on November 8, 2008. Plaintiff's personal property followed on January 9, 2009, but the items seized during the two searches at Atwater were missing. Plaintiff's case manager at Coleman emailed Defendants Daniels and Lyons about the missing property. Daniels responded saying that he would forward the items; the property was not returned. (Id. at 7.)

On February 12, 2009, Plaintiff requested a personal property record from Atwater. On March 5, 2009, Plaintiff filed two administrative remedy requests seeking the return of his property. (Id.) The prison responded, "Many attempts have been made on your behalf to locate your property. I suggest that you file a tort claim." (Id. at 7, 25.) On May 5, 2009, Plaintiff filed a third administrative remedy request. (Id. at 7.) The prison officials' response stated that Atwater officials "no longer have any confiscated property belonging to [Plaintiff]" and recommended that Plaintiff file a tort claim through the Bureau of Prisons regional office. (Id. at 7, 28.)

Plaintiff requested a 31 U.S.C. § 3723 small claims form on June 2, 2009. None were available in the prison library. No claim forms were available on July 1, 2009. (Id. at 7.) Plaintiff was provided with a claims form on July 27, 2009 and Defendants Wong and Penn received the claim on August 11, 2009. Plaintiff's claims were denied as time barred and because no evidence of negligence or misconduct was discovered. (Id. at 8, 34-39.)

3

Plaintiff asserts violations of his Fourteenth Amendment rights to due process and equal protection and his Eighth Amendment right to be free from cruel and unusual punishment.

## IV. ANALYSIS

### A. Bivens Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

Bivens actions and actions under 42 U.S.C. § 1983 "are identical save for the replacement of a state actor under § 1983 by a federal actor under Bivens." Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991). Under Bivens, a plaintiff may sue a federal officer in his or her individual capacity for damages for violating the plaintiff's constitutional rights. See Bivens, 403 U.S. at 397. To state a claim a plaintiff must allege: (1) that a right secured by the Constitution of the United States was violated, and (2) that the alleged violation was committed by a federal actor.

**B.     Due Process**

The Due Process Clause protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974).[1] However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n. 13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435–36 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), neither negligent nor unauthorized intentional deprivations of property by a governmental employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," Hudson, 468 U.S. at 533; see also Raditch v. United States, 929 F.2d 478, 481 (9th Cir. 1991) ("Although Hudson involved § 1983 and the Fourteenth Amendment, the same due process principles apply to the federal government through the Fifth Amendment.").

The deprivation of Plaintiff's property began as an authorized deprivation performed pursuant to a facility lockdown. Plaintiff contends that after the authorized deprivation. Defendants either negligently or intentionally lost or destroyed his property. The alleged loss or destruction, then, was unauthorized. Plaintiff also alleges that he was provided with a post-deprivation administrative remedy which he pursued by filing claims with the Bureau

---

[1] Plaintiff invokes a Fourteenth Amendment right to due process. As a federal prisoner Plaintiff's due process rights are guaranteed by the Fifth Amendment. Castillo v. McFadden, 399 F.3d 993, 1002 n. 5 (9th Cir. 2005) ("The Fifth Amendment prohibits the federal government from depriving persons of due process, while the Fourteenth Amendment explicitly prohibits deprivations without due process by the several States: 'nor shall any State deprive any person of life, liberty, or property, without due process of law.'" (quoting U.S. Const. amend. XIV)).

of Prisons. Those claims were adjudicated.

Given the availability of this post-deprivation remedy to Plaintiff, the Court finds that, based on the facts alleged, there is no due process violation to support this Bivens action. See, e.g., Marulanda v. U.S. Marshals Service, 467 Fed.Appx. 590 (9th Cir. 2012) (Bivens claim precluded by availability of prison administrative remedy program for post-deprivation remedy). The Court will provide Plaintiff an opportunity to file an amended complaint with factual allegations demonstrating a violation of his Due Process rights.

Plaintiff also alleges that Defendants' conduct violated his rights to equal protection and to be free from cruel and unusual punishment. The factual allegations supplied in the Complaint provide no basis for claiming such rights were infringed. The Court will provide Plaintiff an opportunity to amend and clarify the basis for these remaining claims. The following sections of this order provide general legal standards that may be applicable to Plaintiff's claims.

### C. Equal Protection

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established in two ways. First, a plaintiff establishes an equal protection claim by showing that the defendant has intentionally discriminated against him on the basis of the plaintiff's membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001). Under this theory of equal protection, the plaintiff must show that the defendants' actions were a result of the plaintiff's membership in a suspect class, such as race. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005).

If the plaintiff has made no allegation that he is a member of a protected class or that the defendant acted on the basis of his status as a member of a protected class, he may only establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972); Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir. 2004); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. Village of Willowbrook, 528 U.S. at 564.

### D. Eighth Amendment

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 832 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737 (2002); Rhodes, 452 U.S. at 346.

7

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. Farmer, 511 U.S. at 847.

## V.     CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55,

57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his Complaint, filed March 9, 2012;

2. Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated:   May 30, 2013                       /s/ *Michael J. Seng*
                                            UNITED STATES MAGISTRATE JUDGE

9