UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENE LOPEZ-GALVAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>R. RUBIO, et al.,<br><br>　　　　　Defendants. | CASE NO. 1:12-cv-00358-LJO-MJS<br><br>ORDER RECOMMENDING DISMISSAL WITH PREJUDICE<br><br>(ECF NO. 16)<br><br>PLAINITFF'S OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS |

**SCREENING ORDER**

**I.　PROCEDURAL HISTORY**

　　Plaintiff Rene Lopez-Galvan, a federal prisoner proceeding pro se and in forma pauperis, filed this civil action on March 9, 2012, pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), which provides a remedy for the violation of civil rights by federal actors.

　　On May 30, 2013, Plaintiff's Complaint was screened and dismissed, with leave to amend, for failure to state a cognizable claim.  (ECF No. 13.)  Plaintiff's First Amended Complaint (ECF No. 16) is now before the Court for screening.

## II. **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## III. **SUMMARY OF FIRST AMENDED COMPLAINT**

The First Amended Complaint identifies the following individuals as Defendants: (1) S. Rubio, Business Office Manager, United States Penitentiary, Atwater (Atwater); (2) D. Chavez, Education Specialist, Atwater; (3) Daniels, Unit Counselor, Atwater; (4) Lyons, Unit Counselor, Atwater; (5) G. Cobb, Lieutenant, Atwater; (6) Dennis Wong, Deputy Regional Counsel, Bureau of Prisons (BOP); (7) Harlan W. Penn, Regional Counsel, BOP; and (8) John Does 1-5, Correctional Officers, Atwater.

Plaintiff alleges the following:

On June 20, 2008, Atwater was placed on lockdown following the death of an officer. A facility-wide search was conducted on July 7, 2008, and items belonging to Plaintiff were designated as contraband and seized. Defendant Rubio signed the confiscation slips. On July 8, 2008, Defendant Cobb issued a memorandum acknowledging the seizure of inmate property and outlining the process for inmates to reclaim personal property. The lockdown ended on September 8, 2008. Two days later Defendants Daniels and Lyons told prisoners that each inmate would be called, one by one, to claim confiscated property.

2

On September 15, 2008, a second lockdown was imposed because of serious inmate violence. Another search was conducted on October 2, 2008, and additional items of Plaintiff's property were seized. Defendant Chavez signed the confiscation slip.

Plaintiff was transferred from Atwater to United States Penitentiary, Coleman (Coleman) on November 8, 2008. Plaintiff's personal property followed on January 9, 2009, but the items seized during the two searches at Atwater were missing. (Compl. at 4.) Plaintiff's case manager at Coleman emailed Defendants Daniels and Lyons about the missing property. Daniels responded saying that he would forward the items, but the property was not returned.

On February 12, 2009, Plaintiff requested a personal property record from Atwater. On March 5, 2009, Plaintiff filed two administrative remedy requests seeking return of his property. (Id. at 5.) The prison responded, "Many attempts have been made on your behalf to locate your property. I suggest that you file a tort claim." (Id. at 7, 22.) On May 5, 2009, Plaintiff filed a third administrative remedy request. (Id. at 5.) The prison officials' response stated that Atwater officials "no longer have any confiscated property belonging to [Plaintiff]" and recommended that Plaintiff file a tort claim through the Bureau of Prisons regional office. (Id. at 5, 24.)

Plaintiff requested a 31 U.S.C. § 3723 small claims form on June 2, 2009. None were available in the prison library. No claim forms were available on July 1, 2009. Plaintiff was provided with a claims form on July 27, 2009, and Defendants Wong and Penn received the claim on August 11, 2009. (Id. at 5.) Plaintiff's claims were denied as time barred and because no evidence of negligence or misconduct was discovered. (Id. at 5, 30-35.)

Plaintiff asserts a violation of his Fifth Amendment right to procedural due process and unspecified violations of his Fourth, Ninth, and Fourteenth Amendment rights.

////

////

////

3

## IV.     ANALYSIS

### A.     Bivens Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

Bivens actions and actions under 42 U.S.C. § 1983 "are identical save for the replacement of a state actor under § 1983 by a federal actor under Bivens." Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991). Under Bivens, a plaintiff may sue a federal officer in his or her individual capacity for damages for violating the plaintiff's constitutional rights. See Bivens, 403 U.S. at 397. To state a claim a plaintiff must allege: (1) that a right secured by the Constitution of the United States was violated, and (2) that the alleged violation was committed by a federal actor.

### B.     Due Process

The Due Process Clause protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n. 13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435–36 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), neither negligent nor unauthorized intentional deprivations of property by a governmental employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if

4

1  a meaningful postdeprivation remedy for the loss is available," Hudson, 468 U.S. at 533;
2  see also Raditch v. United States, 929 F.2d 478, 481 (9th Cir. 1991) ("Although Hudson
3  involved § 1983 and the Fourteenth Amendment, the same due process principles apply
4  to the federal government through the Fifth Amendment.").

5        The deprivation of Plaintiff's property began as an authorized deprivation
6  performed pursuant to a facility lockdown.  However, Plaintiff characterizes the loss of
7  his property after its initial seizure as unauthorized, and alleges the Defendants failed to
8  adhere to various subsections of applicable BOP policy. (Compl. at 2, 4.)  The alleged
9  loss or destruction, then, was unauthorized.  Plaintiff also alleges that he was provided
10 with a post-deprivation administrative remedy which he pursued by filing claims with the
11 Bureau of Prisons.  Those claims were adjudicated.

12       Given the availability of this post-deprivation remedy to Plaintiff, the Court finds
13 that, based on the facts alleged, there is no due process violation to support this Bivens
14 action.  See, e.g., Marulanda v. U.S. Marshals Service, 467 F. App'x. 590 (9th Cir. 2012)
15 (Bivens claim precluded by availability of prison administrative remedy program for post-
16 deprivation remedy).  The Court previously notified Plaintiff of this pleading deficiency
17 and gave him an opportunity to amend.  He did not amend in a manner to state a
18 cognizable claim. Further leave to amend would be purely repetitive, futile and will not be
19 granted.

20       **C.**    **Unspecified Claims**

21       Plaintiff alleges that the Defendants are responsible for violations of rights
22 afforded to him by the Fourth, Ninth, and Fourteenth Amendments.  The First Amended
23 Complaint does not specify exactly what rights were violated, how, or by which
24 Defendants..

25       Plaintiff cannot state a Fourth Amendment claim based on the searches of his cell
26 because prisoners have no Fourth Amendment right to privacy in their cells.  Hudson,
27 468 U.S. at 525–26.  Plaintiff's "Ninth Amendment argument is meritless, because that
28 amendment has not been interpreted as independently securing any constitutional rights

for purposes of making out a constitutional violation." Schowengerdt v. United States, 944 F.2d 483, 490 (9th Cir. 1991). Plaintiff invokes protections of the Fourteenth Amendment. As a federal prisoner Plaintiff's due process and equal protection rights are guaranteed by the Fifth Amendment. Castillo v. McFadden, 399 F.3d 993, 1002 n. 5 (9th Cir. 2005); Consejo De Desarrollo Economico De Mexicali, A. C. v. United States, 482 F.3d 1157, 1170 n.4 (9th Cir. 2007) (citing Bolling v. Sharpe, 347 U.S. 497 (1954)). Plaintiff's due process claim is addressed above and his allegations give no indication that he suffered an equal protection violation.

## V. CONCLUSION AND RECOMMENDATION

Plaintiff's First Amended Complaint does not state a cognizable claim against the named Defendants. Accordingly, it is HEREBY RECOMMENDED that this action be dismissed with prejudice for failure to state a claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   November 27, 2013           /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE